IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:13-CV-243-FL

| | |
|---|---|
| HAROLD B. WHITTINGTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM AND** |
| v. ) | **RECOMMENDATION** |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

In this action, plaintiff Harold B. Whittington ("plaintiff") challenges the final decision of defendant Acting Commissioner of Social Security Carolyn W. Colvin ("Commissioner") denying his application for a period of disability and disability insurance benefits ("DIB") and supplemental security income ("SSI") on the grounds that he is not disabled.[1] The case is before the court on the respective parties' motions for judgment on the pleadings. (D.E. 24, 27). The motions were referred to the undersigned Magistrate Judge for a memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (*See* 2d Minute Entry dated 12 Dec. 2013). The motions have been fully briefed,[2] and the court has heard argument on them (*see* D.E. 38). For the reasons set forth below, it will be recommended that plaintiff's motion be allowed, the Commissioner's motion be denied, and this case be remanded.

---

[1] The statutes and regulations applicable to disability determinations for DIB and SSI are in most respects the same. The provisions relating to DIB are found in 42 U.S.C. subch. II, §§ 401, *et seq.* and 20 C.F.R. pt. 404, and those relating to SSI in 42 U.S.C. subch. XVI, §§ 1381, *et seq.* and 20 C.F.R. pt. 416.

[2] Each party filed a memorandum in support of its motion (D.E. 25, 28). The parties made additional filings ordered by the court, as detailed below.

## I. BACKGROUND

### A. Case History

Plaintiff filed applications for DIB and SSI on 29 June 2010, alleging a disability onset date of 20 April 2009. Transcript of Proceedings ("Tr.") 18. The applications were denied initially and upon reconsideration, and a request for hearing was timely filed. Tr. 18. On 14 June 2011, a hearing was held before an Administrative Law Judge ("ALJ"). Tr. 18, 33-76. The ALJ issued a decision denying plaintiff's claim on 3 August 2011 ("2011 decision"). Tr. 18-32. Plaintiff timely requested review by the Appeals Council. Tr. 14. On 31 January 2013, the Appeals Council admitted additional exhibits (Tr. 6), namely, a brief of contentions from plaintiff's counsel (Tr. 290-91) and a state decision finding plaintiff eligible for Medicaid assistance ("Medicaid decision") (Tr. 526-28), but denied the request for review (Tr. 1). At that time, the decision of the ALJ became the final decision of the Commissioner. 20 C.F.R. §§ 404.981, 416.1481. Plaintiff commenced this proceeding for judicial review on 3 April 2013, pursuant to 42 U.S.C. §§ 405(g) (DIB) and 1383(c)(3) (SSI). (*See In Forma Pauperis* Mot. (D.E. 1), Order Allowing Mot. (D.E. 5), Compl. (D.E. 6)).

### B. Subsequent Award of DIB

On 15 March 2013, shortly after the Appeals Council denied review of the 2011 decision, plaintiff filed a new application for DIB ("2013 application") (D.E. 37-1 at 1-3[3]). On 30 August 2013, the Social Security Administration ("SSA") sent plaintiff a notice ("medical notice") (D.E. 37-1 at 12-13) informing him of its determination that he met the medical requirements for disability, but also that it had not yet determined whether he met the nonmedical requirements. Included with the medical notice was a Disability Determination and Transmittal ("DDT") (D.E.

---

[3] All page citations for D.E.'s referenced herein are to the page numbers assigned by the court's electronic CM/ECF filing system.

37-2 at 1) and a Disability Determination Explanation ("DDE") (D.E. 37-2 at 2-12) setting forth the analysis of the disability examiner in determining that plaintiff met the medical requirements for disability. On 13 December 2013, some eight months after the commencement of the instant case, the SSA issued plaintiff a notice of award ("award notice") (D.E. 30-1) informing him that he was being awarded DIB based on his 2013 application ("2013 award") for disability beginning on 4 August 2011. (Award Notice 1). That date is one day after issuance of the 2011 decision. On 24 February 2014, plaintiff filed in the instant case a Notice of New Evidence (D.E. 30) informing the court of this award of benefits and requesting remand on this additional basis. However, the only document plaintiff included with this Notice of New Evidence was a copy of the award notice, which contains no explanation of the impairments found to be the cause of plaintiff's disability.

On 28 May 2014, the court directed the Commissioner to file a memorandum in response to the Notice of New Evidence showing why this case should not be remanded in light of the substantial authority supporting remand of an initial decision denying a disability claim when a subsequent decision allows a disability claim and finds the claimant to have a disability onset date within a short period after the initial denial. (*See* 28 May 2014 Order (D.E. 31)). The court further directed the Commissioner to file a copy of the SSA decision explaining the basis of the 2013 award, which is necessary to the court's determination of the remand issue. (*Id*. at 2). The court also directed plaintiff to file a response to the Commissioner's memorandum. (*Id*.). The Commissioner timely filed a memorandum (D.E. 32) and plaintiff his response (D.E. 33). Because neither of the parties' filings provided the court with information indicating the basis for the 2013 award, the court set the matter for hearing and directed the parties to submit at the hearing a complete copy of plaintiff's 15 March 2013 application and any other documents from

the SSA proceeding on that application. (*See* 23 June 2014 Order (D.E. 34)). On 3 July 2014, the Commissioner filed[4] the specified documents[5] (D.E. 37), and the court conducted a hearing on 7 July 2014 (*see* D.E. 38). After hearing the parties' respective arguments on whether the 2013 award requires remand, the court took the matter under advisement. (*Id.*)

### C. Standards for Disability

The Social Security Act ("Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see* 42 U.S.C. § 1382c(a)(3)(A); *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). "An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A); *see* 42 U.S.C. § 1382c(a)(3)(B). The Act defines a physical or mental impairment as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The disability regulations under the Act ("Regulations") provide a five-step analysis that the ALJ must follow when determining whether a claimant is disabled:

---

[4] Because the court allowed the Commissioner's motion (D.E. 35) to attend the hearing by video conference, the court directed the Commissioner to file the required documents in lieu of presenting them at the hearing (*see* 26 June 2014 Order (D.E. 36)).

[5] The documents filed by the Commissioner that are material to the court's analysis herein are the 2013 application, medical notice, DDT, and DDE.

4

(i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled. . . .

(ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in [§ 404.1509 for DIB and § 416.909 for SSI], or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled. . . .

(iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings ["Listings"] in [20 C.F.R. pt. 404, subpt. P, app. 1] . . . and meets the duration requirement, we will find that you are disabled. . . .

(iv) At the fourth step, we consider our assessment of your residual functional capacity ["RFC"] and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled. . . .

(v) At the fifth and last step, we consider our assessment of your [RFC] and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled. . . . .

20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

The burden of proof and production rests with the claimant during the first four steps of the analysis. *Pass*, 65 F.3d at 1203. The burden shifts to the Commissioner at the fifth step to show that alternative work is available for the claimant in the national economy. *Id.*

In the case of multiple impairments, the Regulations require that the ALJ "consider the combined effect of all of [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity." 20 C.F.R. §§ 404.1523, 416.923. If a medically severe combination of impairments is found, the combined impact of those impairments will be considered throughout the disability determination process. *Id.*

### D.     Findings of the ALJ

Plaintiff was 48 years old on the alleged onset date of disability and 50 years old on the date of the hearing.  Tr. 26 ¶ 6; 41.  The ALJ found that plaintiff has at least a high school education.  Tr. 26 ¶ 6, 41.  His past work includes employment as an inventory supervisor, cabinet maker, delivery person, retail store manager, and cable television technician and customer service representative.  Tr. 25 ¶ 6.

Applying the five-step analysis of 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4), the ALJ found at step one that plaintiff had not engaged in substantial gainful activity since his alleged onset of disability.  Tr. 20 ¶ 2.  At step two, the ALJ found that plaintiff had the following medically determinable impairments that were severe within the meaning of the Regulations:  degenerative disc disease ("DDD") with surgery and chronic cervical radiculopathy[6]; diabetes mellitus; hypertension; and morbid obesity.  Tr. 20 ¶ 3.  At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that meets or equals one of the Listings.  Tr. 21 ¶ 4.

The ALJ next determined that plaintiff had the RFC to perform light work—that is, to lift and carry up to 20 pounds occasionally and 10 pounds frequently, and to stand, walk, and sit for 6 hours in an 8-hour day.  Tr. 22 ¶ 5; s*ee* 20 C.F.R. §§ 404.1567(b), 416.967(b).[7]  He further found that plaintiff was subject to the following limitations:

> [P]ushing and pulling is limited to the light level; no climbing of ladders, ropes or scaffolds; no more than occasional climbing of ramps or stairs or balancing; no more than frequent stooping, crouching, kneeling, or crawling; no overhead reaching on the right non-dominant side; no more than frequent handling and

---

[6] "Radiculopathy" is a disorder of the spinal nerve roots.  *See* entry for "radiculopathy" in *Stedman's Medical Dictionary* (27th ed. 2000).

[7] *See also Dictionary of Occupational Titles* (U.S. Dep't of Labor 4th ed. rev. 1991) ("DOT"), app. C § IV, def. of "Light Work," http://www.oalj.dol.gov/libdot htm (last visited 15 July 2014).  "Light work" and the other terms for exertional level as used in the Regulations have the same meaning as in the DOT.  *See* 20 C.F.R. §§ 404.1567, 416.967.

fingering; and no exposure to extreme excessive vibration, moving machinery and unprotected heights.

Tr. 22 ¶ 5.

Based on this RFC and accepting the testimony of a vocational expert, the ALJ found at step four that plaintiff was capable of performing his past relevant work as a produce clerk, retail store manager, department store manager, and cable customer service representative. Tr. 25 ¶ 6. The ALJ therefore concluded that plaintiff was not disabled. *See* Tr. 27 ¶ 7.

Notwithstanding this determination, the ALJ proceeded to make an alternative finding at step five that "even if it were found that [plaintiff's] depression was a severe impairment," there are other jobs in the national economy plaintiff could perform with an RFC modified to account for depression[8] and include a sit/stand option. Tr. 26-27 ¶ 6. Accepting the testimony of the vocational expert based on this modified RFC, the ALJ found that such jobs included those in the occupations of photocopying machine operator, ticket taker, and marker. Tr. 27 ¶ 6. The ALJ concluded under this alternative analysis that plaintiff was not disabled. Tr. 27 ¶ 7.

## II.    DISCUSSION

### A.    Standard of Review

Under 42 U.S.C. § 405(g), judicial review of the final decision of the Commissioner is limited to considering whether the Commissioner's decision is supported by substantial evidence in the record and whether the appropriate legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Unless the court finds that the Commissioner's decision is not supported by substantial evidence or that the wrong legal standard was applied, the Commissioner's decision must be upheld. *See*

---

[8] The limitations the ALJ added to the RFC based on plaintiff's depression were: "work limited to simple, routine, repetitive tasks, in a low-stress job (defined as having no more than occasional decision making required and no more than occasional changes in the work setting), with no production rate or paced work (such as would be done on an assembly line)." Tr. 26 ¶ 6.

*Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Perales*, 402 U.S. at 401 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla of evidence, but somewhat less than a preponderance. *Perales*, 402 U.S. at 401.

The court may not substitute its judgment for that of the Commissioner as long as the decision is supported by substantial evidence. *Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). In addition, the court may not make findings of fact, revisit inconsistent evidence, or make determinations of credibility. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979). A Commissioner's decision based on substantial evidence must be affirmed, even if the reviewing court would have reached a different conclusion. *Blalock*, 483 F.2d at 775.

Where, as here, the Appeals Council considers additional evidence before denying the claimant's request for review of the ALJ's decision, "the court must 'review the record as a whole, including the [additional] evidence, in order to determine whether substantial evidence supports the Secretary's findings.'" *Felts v. Astrue*, No. 1:11CV00054, 2012 WL 1836280, at *1 (W.D. Va. 19 May 2012) (quoting *Wilkins v. Sec'y Dep't of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991)). Remand is required if the court concludes that the Commissioner's decision is not supported by substantial evidence based on the record as supplemented by the evidence submitted at the Appeals Council level. *Id.* at *1-2 (holding that Commissioner's decision implicitly determining claimant not to have a severe mental impairment and failing to consider the effect of any such impairment on his ability to work was not supported by

substantial evidence in light of additional evidence of claimant's depression admitted by Appeals Council, and remanding case to Commissioner for further proceedings).

Before a court can determine whether a decision is supported by substantial evidence, it must ascertain whether the Commissioner has considered all relevant evidence and sufficiently explained the weight given to probative evidence. *See Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439-40 (4th Cir. 1997). "Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator." *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983).

B.  **Overview of Plaintiff's Contentions**

Plaintiff contends that: (1) the ALJ's decision is not supported by substantial evidence because it is inconsistent with the medical record, the medical opinion of plaintiff's treating orthopedist, and the hearing testimony; and (2) the ALJ erred in failing to properly consider the favorable Medicaid decision. Alternatively, plaintiff asserts that remand is necessary in light of the 2013 award. Because the court finds that the issues of the 2013 award and the Appeals Council's treatment of the Medicaid decision are dispositive of this appeal, it addresses only these issues below.

C.  **Standard for Remand under Sentence Six of 42 U.S.C. § 405(g)**

Sentence six of 42 U.S.C. § 405(g) ("sentence six") provides for remand when evidence is submitted for the first time at the district court level. It permits remand, however, "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); *see Stanley v. Colvin*, No. 7:12-CV-134-FL, 2013 WL 2447850, at *7 (E.D.N.C. 5 Jun. 2013);

*Edwards v. Astrue*, No. 7:07CV48, 2008 WL 474128, at *8 (W.D. Va. 20 Feb. 2008). There are accordingly three distinct requirements under sentence six.

First, the evidence must be new. "Evidence is deemed new if it is not duplicative or cumulative of evidence already in the record." *Wilkins*, 953 F.2d at 96; *Stanley*, 2013 WL 2447850, at *7. Second, the evidence must be material. Evidence is material if there is a reasonable possibility that it would have changed the outcome. *Wilkins*, 953 F.2d at 96. Third, there must be good cause for failing to submit the evidence earlier. *Borders v. Heckler*, 777 F.2d 954, 955 (4th Cir. 1985). The burden of showing that the requirements of sentence six are met rests with the claimant. *See Fagg v. Chater*, No. 95-2097, 1997 WL 39146, at *2 (4th Cir. 3 Feb. 1997); *Keith v. Astrue*, No. 4:11CV0037, 2012 WL 2425658, at *2 (W.D. Va. 22 Jun. 2012) ("The burden of demonstrating that all of the Sentence Six requirements have been met rests with the plaintiff."), *rep. and recommendation adopted by* 2012 WL 4458649 (9 Aug. 2012).

### D.     2013 Award

Application of the test for remand under sentence six to the 2013 award shows that remand is necessary.

#### 1.     New Evidence

Turning to the first requirement—that the evidence be new—the court concludes that this requirement is met for the 2013 award, including the documentation of the award previously discussed, namely, the 2013 application, medical notice, DDT, DDE, and award notice. The 2013 award was not, of course, before the ALJ or the Appeals Council in the instant proceeding. Nor was any other decision by the SSA finding plaintiff to be disabled. The 2013 award is therefore neither cumulative nor duplicative.

The court recognizes that there are decisions holding that subsequent disability determinations, as opposed to the evidence underlying them, do not constitute "new evidence" within the meaning of sentence six. *See, e.g., Allen v. Comm'r of Soc. Sec.*, 561 F.3d 646, 654 (6th Cir. 2009). But the Fourth Circuit has held that "SSA directives have explained that the SSA is required to consider all record evidence relevant to a disability determination, including decisions by other agencies" and that "under the principles governing SSA disability determinations, another agency's disability determination cannot be ignored and must be considered." *Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337, 343 (4th Cir. 2012) (internal quotation marks omitted). As this court has held, "if a subsequent decision by another agency is evidence, then it follows that a subsequent decision by the [SSA] itself also is evidence." *Outlaw v. Colvin*, No. 5:11-CV-647-FL, 2013 WL 1309372, at *3 (E.D.N.C. 28 Mar. 2013); *see also Bryant v. Astrue,* No. 7:11-CV-54-D, 2012 WL 896147, at *2 (E.D.N.C. 15 Mar. 2012) ("The Fourth Circuit has not yet determined whether a subsequent benefit award, by itself, may justify remand pursuant to 42 U.S.C. § 405(g). However, this court and others in this circuit have found remand appropriate on materially indistinguishable facts.").

Language in the recent per curiam decision by the Fourth Circuit in *Baker v. Comm'r of Soc. Sec.*, No. 12-1709, 2013 WL 1866936, at *1 n.* (4th Cir. 6 May 2013) does not dictate a contrary result. A footnote in that decision, a one-paragraph summary affirmance of a district court's ruling upholding a denial of supplemental security income and disability insurance benefits, quotes and relies on the principle from *Allen* that "'[a] subsequent favorable decision itself, as opposed to the evidence supporting the subsequent decision, does not constitute new and material evidence under § 405(g).'" *Baker*, 2013 WL 1866936, at *1 n.* (quoting *Allen*, 561 F.2d at 653). The court declines to follow *Baker* because it is unreported and therefore not

binding precedent (as expressly noted in *Baker* itself, 2013 WL 1866936, at *1); it does not address *Bird*; and it is factually distinguishable in that the plaintiff there did not, as here, meet "her burden of showing that evidence relied upon in reaching the favorable decision pertains to the period under consideration in this appeal," *id.* at *1 n.*

### 2. Material Evidence

The court further finds that the 2013 award, including the documentation of it, is material. The gap between the period of disability covered by the 2013 award and the period covered by the 2011 decision is only one day. Remand has been found by this court to be warranted when there is little or no intervening gap between a denial of disability and a finding of disability. *See Smith v. Astrue*, No. 5:10-CV-219-FL, 2011 WL 3905509, at *3 (E.D.N.C. 2 Sept. 2011) ("The finding of disability commencing only four days after the denial of disability is new and material evidence, and . . . calls into question whether all material evidence was considered in the former determination."); *see also Pulley v. Colvin*, No. 4:11-CV-85-FL, 2013 WL 2356124, at *4 (E.D.N.C. 29 May 2013) ("This court in prior decisions has remanded on the same basis presented here, where the [SSA] finds the claimant disabled in a period commencing within the same month after the first ALJ's denial of disability." (citing *Brunson v. Colvin*, No. 5:11-CV-591-FL, 2013 WL 1332498, at *2-3 (E.D.N.C. 29 Mar. 2013))); *Kirkpatrick v. Colvin,* No. 5:12-CV-263-D, 2013 WL 1881315, at *2 (E.D.N.C. 6 May 2013); *Outlaw*, 2013 WL 1309372, at *2-3 ("[A] subsequent decision finding disability commencing one day after the prior denial of disability calls into question whether all relevant impairments properly were considered in the prior determination."); *Laney v. Astrue*, No. 7:10-CV-174-FL, 2011 WL 6046312, at *2 (E.D.N.C. 5 Dec. 2011).

Moreover, the impairments that are the basis of the finding of disability in the 2013 award substantially overlap those at issue in the 2011 decision. *See Kirkpatrick*, 2013 WL 1881315, at *2 ("The [subsequent] disability decision relates to the period of the ALJ's decision in this case because the severe impairments (and by extension the medical evidence) overlap."). Specifically, like the 2011 decision (*see* Tr. 20 ¶ 3), the DDE includes a finding that plaintiff has the severe impairments of hypertension,[9] spine disorders, and diabetes mellitus (DDE 9).[10] While the disability examiner completing the DDE used the term "spine disorders" to identify the impairments she found to be severe (*see* DDE 9), her discussion of the evidence supporting this determination indicates that she considered essentially the same spine impairments identified as severe in the 2011 decision. Specifically, as previously noted, the ALJ found plaintiff to have the severe spine impairments of "[DDD] with surgery and chronic cervical radiculopathy." (Tr. 20 ¶ 3). Likewise, the disability examiner referenced plaintiff's history of cervical spine disease, diagnosis of post laminectomy[11] syndrome, and history of lumbar spine disease in her conclusion that these impairments medically equal Listing 1.04 for spine disorders. (*See* DDE 8). Further, records from many of the same providers were considered for both determinations. (C*ompare* Medical Notice 12 (listing records considered for 2013 award) *with* Exs. 1F (Tr. 292-308), 2F (Tr. 309-34), 3F (Tr. 335-55), 5F (Tr. 404-17), 9F (Tr. 450-62), 13F (Tr. 472-81), 14F (Tr. 482-525) (all such exhibits being records from the same providers whose records were considered by the ALJ for the 2011 decision). In addition, a portion of the evidence considered for 2013 award

---

[9] Although the DDE used the term "hypertension" to describe this impairment (DDE 9) and the 2011 decision "essential hypertension" (Tr. 20 ¶ 3), the word "essential" signifies simply that the condition is not caused by an underlying disorder, but rather by "a variety of disturbances in normal pressure-regulating mechanisms." Entry for "hypertension" in *Stedman's Medical Dictionary* (27th ed. 2000).

[10] The 2011 decision also, of course, found plaintiff to have the severe impairment of morbid obesity. Tr. 20 ¶ 3.

[11] "Laminectomy" is a surgical procedure to remove the lamina, "the bone that makes up a vertebra in the spine." Def. of "Laminectomy," Medline Plus, U.S. Nat'l Library of Medicine, http://www nlm nih.gov/medlineplus/ency/article/007389 htm (last visited 15 July 2014).

13

was from the same time period as that considered by the ALJ for the 2011 decision. (*See* DDE 9 (discussing medical evidence from 1 April 2009 to 18 October 2010)).

The court further notes that the overlapping impairments are in the nature of chronic medical conditions that do not generally go from non-disabling to disabling in the span of one day. Most significantly, while the ALJ found plaintiff's severe spine impairments non-disabling on 3 August 2011, the disability examiner found plaintiff's spine impairments to medically equal the Listing for spine disorders on 4 August 2011, as noted. The court is unconvinced that plaintiff's chronic spine impairments went from non-disabling to medically equaling a Listing in a 24-hour period.

### 3. Good Cause

Lastly, as to the third requirement, plaintiff obviously had good cause for not presenting the 2013 award and the related documentation in the proceedings before the ALJ or the Appeals Council. The 2013 award was not issued until after plaintiff's commencement of this action, and none of the documentation existed until after the Appeals Council's denial of review. *See Brunson*, 2013 WL 1332398, at *3 (finding 3good cause where the subsequent decision was issued after the date of Appeals Council's denial of review in the instant case).

For the foregoing reasons, the court concludes that the 2013 award, including the related documentation, meets the three requirements for remand pursuant to sentence six. This case should accordingly be remanded on this basis.

### E. Appeals Council's Consideration of the Medicaid Decision

Plaintiff also asserts that remand is warranted on the grounds that the Appeals Council failed to adequately explain its reasons for finding that the Medicaid decision did not provide a basis for overturning the ALJ's decision. The court agrees.

On 9 September 2011, after the ALJ's decision was issued but before the Appeals Council denied review, a North Carolina state hearing office issued a decision reversing the denial of plaintiff's Medicaid application by the North Carolina Department of Health and Human Services ("NCDHHS"). Tr. 526-28. The hearing officer, applying the same standards used by the SSA in disability determinations, found plaintiff eligible for Medicaid on the basis of the severe impairments of "diabetes, hypertension, [DDD], and postlaminectomy syndrome of the cervical region and neuritis with radiculopathy" (Tr. 527), paralleling impairments found to be severe in the 2011 decision and serving as the basis for the 2013 award. Plaintiff submitted the Medicaid decision to the Appeals Council for its consideration (Tr. 526-28), and the Appeals Council admitted it as additional evidence (Tr. 6).

"Decisions by other agencies as to the disability status of a Social Security applicant are considered so probative that the ALJ is required to examine them in determining an applicant's eligibility for benefits." *Alexander v. Astrue*, No. 5:09-CV-432-FL, 2010 WL 4668312, at *4 (E.D.N.C. 5 Nov. 2010) (remanding the case for consideration of a state Medicaid decision). The Commissioner "must 'give substantial weight to [another agency's] disability rating,' unless some exceptional circumstance in the record clearly demonstrates that less weight would be appropriate." *Allen v. Colvin,* No. 2:12-CV-29-FL, 2013 WL 3983984, at *2 (E.D.N.C. 1 Aug. 2013) (quoting *Bird*, 699 F.3d at 343). Furthermore, the Commissioner is required to "state what weight that decision is given in its analysis." *Id.* at *4; *see also Bridgeman v. Astrue*, No. 4:07-CV-81-D(3), 2008 WL 1803619, at *10 (E.D.N.C. 21 Apr. 2008) (remanding for further explanation where the ALJ noted the ruling that plaintiff was eligible for Medicaid assistance but gave it no weight on the sole ground that another agency decision is not binding); *Owens v. Barnhart*, 444 F. Supp. 2d 485, 492 (D.S.C. 2006) (holding that an ALJ should be "required to

provide sufficient articulation of his reasons for [rejecting another agency's disability determination] to allow for a meaningful review by the courts").

In its denial of plaintiff's request for review, the Appeals Council discussed the Medicaid decisions as follows:

> The Appeals Council considered that another governmental agency made a decision that found that you were disabled. However, a decision made by another agency that you are disabled is not binding on the [SSA]. The Appeals Council found that this information does not provide a basis for changing the Administrative Law Judge's decision.

Tr. 1-2. This statement fails, as required, to explain the weight the Appeals Council gave to the Medicaid decision and the basis for its assignment of such weight. This failure provides an independent basis for remand. *See Allen*, 2013 WL 3983984, at *4 (remanding where the Appeals Council provided "no indication as to what weight it accorded the NCDHHS Medicaid Determination" (citing *Alexander*, 2010 WL 4668312, at *4)). On remand, the Commissioner should give appropriate consideration to the Medicaid decision and to sufficiently articulate the basis for the weigh assigned to it.

### III. CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that plaintiff's motion (D.E. 24) for judgment on the pleadings be ALLOWED, the Commissioner's motion (D.E. 27) for judgment be DENIED, and this case be REMANDED to the Commissioner pursuant to sentence six of 42 U.S.C. § 405(g) for further proceedings consistent with this Memorandum and Recommendation.

In making this ruling, the court expresses no opinion on the weight that should be accorded any piece of evidence. That is a matter for the Commissioner to decide.

IT IS ORDERED that the Clerk send copies of this Memorandum and Recommendation to counsel for the respective parties, who have until 29 July 2014 to file written objections.

Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. Any response to objections shall be filed within 14 days after service of the objections on the responding party.

    This, the 15th day of July 2014.

_____
James E. Gates
United States Magistrate Judge